No. 690.—STATE OF LOUISIANA ex rel. N. J. SANDLIN, District Attorney, *v.* J. D. WATKINS, Judge of the Eleventh Judicial District.

Act No. 156 of 1868 in providing a mode of legally ascertaining whether persons holding office under the authority of the State of Louisiana, are incompetent to exercise the duties thereof, by reason of the disabilities imposed on certain classes of persons by the Constitution of the United States, does not impose pains and penalties on any one, nor does this act assume authority which appertains exclusively to the Federal tribunals.

A suit brought under the intrusion act, No. 156 of 1868, against a party in office, is not to inflict punishment, nor to impose penalties or disabilities upon him, but simply to inquire into his right to hold and exercise the office.

Section 3 of the act of Congress of twenty-fifth of June, 1868, entitled an act to admit the States of North Carolina, South Carolina, Louisiana and other States to the Union, provides that no person prohibited from holding office under the United States by section three of the proposed amendment, known as Article Fourteenth, shall be deemed eligible to any office in either of said States.

The State Courts of Louisiana will enforce this law of Congress ; and where it is ascertained by suit under the intrusion act, No. 156, of 1868, that a party is disqualified from holding an office under the provisions of this act, his disqualification will be judicially declared.

APPEAL from the Eleventh District Court, parish of Claiborne. *Scott,* Parish Judge, presiding.   *N. J. Sandlin,* District Attorney, for the State, appellant.   *J. D. Watkins,* in person, appellee.

TALIAFERRO, J.   This is the second appeal which has been taken in this controversy, the first having been dismissed for want of jurisdiction of the Court before which the proceedings were had.

The case is now before us on appeal taken· by the plaintiff from a judgment rendered by the Parish Judge of the proper jurisdiction, acting in the place of the District Judge, who is the defendant herein, and necessarily recused.   The action is brought under the intrusion

act (No. 156, acts of 1868,) and is based on the allegations that the
defendant is unlawfully holding and claiming to exercise the duties of
Judge of the Eleventh Judicial District of Louisiana, contrary to the
provisions of the eligibility act, No. 39, of the acts of the State Legis-
lature of 1868, and the third section of the Fourteenth Amendment to
the Constitution of the United States.   It is charged against him that
prior to the late rebellion he held the office of District Attorney of the
Seventeenth Judical District of the State, and as such took an oath to
support the Constitution of the United States, and thereafter engaged
in rebellion against the United States and gave aid and comfort to the
enemies thereof; and the prayer is for a judgment extruding the
defendant from office, and for costs, etc.

The defendant filed an exception, to the effect that a State Court has
no jurisdiction over any of the matters set up in the petition ; that the
allegations against him are, that he is liable to certain punishment,
pains and penalties, disfranchisement and deprivation of rights for
having committed certain alleged treasonable acts for which punish-
ment is announced by the Fourteenth Amendment to the Constitution
of the United States ; that the State of Louisiana is wholly without
interest in this suit; that the United States alone can maintain the
suit; that all action by the State, the Legislature, the Governor or
Courts, in regard to the matters herein, are null and void ; that the
Fourteenth Amendment is not self-enforcing; that by the fifth section
thereof Congress has the exclusive power to enforce it, and that the
Federal Courts have exclusive jurisdiction of all crimes, offenses and
misdemeanors under the laws and Constitution of the United States as
herein charged.

It does not clearly appear from the record that the exception was
passed on by the lower Court, but as it has been argued before us, and
as it involves the question of jurisdiction, we have given it due con-
sideration.

We do not find that the law under which this action is brought is
contrary to the Constitution.   In enacting it the Legislature established
a mode of legally ascertaining whether persons holding office under
the authority of the State of Louisiana are incompetent to exercise the
duties of those offices by reason of the disabilities imposed upon cer-
tain classes of people by the Constitution of the United States, or by
act of Congress of June 25, 1868.   This the State has obviously a great
interest in doing and a clear right to do.   The act numbered 156, of
session of 1868, imposes pains or penalties upon no one.   It assumes
no authority which appertains solely to the Federal tribunals.   The
suit, therefore, against the defendant is not to inflict punishment or to
impose penalties or disabilities upon him, but to inquire legally into

State of Louisiana ex rel. N. J. Sandlin, District Attorney, v. J. D. Watkins, Judge of the Eleventh Judicial District.

his right to hold and exercise the office which he contends he is entitled to.

The exception is overruled.

The substance of the answer is embodied in the exception. In the answer the defendant sets up the unconstitutionality of act No. 39, of August 26, 1868, and that the fourteenth amendment to the Constitution of the United States does not apply to this case. This suit we understand to be, from the form of the petition, being brought in the name of the State, and concluding with the prayer that the defendant be cited to answer, essentially a suit brought under the act No. 156, of acts of 1863, before referred to. It is, then, unnecessary to inquire into the constitutionality of the act No. 39.

The inquiry in this case is, has the defendant, under the provisions of the fourteenth amendment to the Constitution of the United States and those of the act of Congress of twenty-fifth June, 1868, entitled an act to admit the States of North Carolina, South Carolina, Louisiana and other States to the Union, the legal right to discharge the duties of the office of District Judge of the Eleventh Judicial District of the State of Louisiana? It is clearly established that the defendant, before the late rebellion, held an office for the discharge of the duties of which he took an oath to support the Constitution of the United States, and that he afterwards engaged in the late rebellion against the United States. It is also established that the defendant was elected Judge of the Eleventh Judicial District of the State on the seventeenth and eighteenth days of April, 1868, obtained his certificate of election in the month of June following, and was commissioned in the month of July, 1868, having taken the oath required by the Constitution of the State on the thirteenth of the month last named.

What are the impediments in the way of the defendant's holding the office? He contends that the fourteenth article of the amendments to the Constitution does not affect him because it was not adopted until after he became entitled to his office; that it is prospective only in its effect; that it is not self-enforcing, and before it can have effect it requires legislation by Congress. These positions we are far from assenting to; but without considering them, there is a part of the supreme law of the land bearing upon the case before us which cannot have a retrospective effect upon it, for the reason that it was in force before the defendant was commissioned as Judge of the Eleventh District. We refer to the act of Congress before mentioned, passed on the twenty-fifth June, 1868. The observance of this law was expressly made a condition on which Louisiana was re-admitted to the Union. The third section of that act provides that "no person prohibited from holding office under the United States by section three of the proposed amendment, known as article fourteenth, shall be deemed eligible to any

80

State of Louisiana ex rel. N. J. Sandlin, District Attorney, v. J. D. Watkins, Judge of the Eleventh Judicial District.

office in either of said States, unless relieved from disability as provided by said amendment, viz : by a vote of two-thirds of each branch of Congress," This law was in force from and after its passage ; it is of paramount authority, and it is obligatory upon the Legislatures and the courts to carry it into effect. We think it applies to the present case, and that the defendant is disqualified thereby from holding and exercising the office of Judge of the Eleventh Judicial District of the State of Louisiana.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be annulled, avoided and reversed. It is further ordered, that the defendant be and he is hereby declared incapacited by law for holding the office of Judge of the Eleventh Judicial District of of the State of Louisiana, and that he be restrained and inhibited from exercising the duties and receiving the emoluments of the same, and that he pay all costs of this suit.

Rehearing refused.